IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LELAND D. BOOTHE | § | |
| | § | |
| v. | § | C.A. NO. C-06-221 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**ORDER DENYING PETITIONER'S MOTION FOR
ENLARGEMENT ON PERSONAL RECOGNIZANCE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for enlargement on personal recognizance bail. (D.E. 15).

## I. BACKGROUND

On April 17, 2006, petitioner filed his petition for writ of habeas. (D.E. 1). His motion to proceed in forma pauperis was granted on May 26, 2006. (D.E. 9). In the pending motion, he asks the court to release him on bail pursuant to a ten-thousand-dollar personal recognizance bond. (D.E. 15, at 1).

Petitioner claims that he suffers from paranoid schizophrenia, but did not receive treatment for his condition for nine years while he was in custody at Jester IV Psychiatric Unit and then Skyview Psychiatric Unit. He urges conditional release on provision that he be accepted to a psychiatric hospital, specifically San

Antonio State Hospital, as a patient.

In his petition, he argues that his habeas claim is not barred by the statute of limitations for federal habeas corpus relief. He now moves for enlargement asserting that "the mental evaluation process available at San Antonio State Hospital would aid the District Court in assessing the § 2244(d) statute of limitations bar to his habeas [claim]." (D.E. 15, at 1-2). He states that treatment at San Antonio State Hospital would allow the Court "to more readily make the determination that he was legally incompetent up until September of 2005 to use 'due diligence' to appreciate and establish the Ground(s) declared in his Petition as necessary to overcome the statutory prohibition." Id. at 2.

## II. DISCUSSION

Petitioner asserts that his application for bail should be granted because it would aid the Court in determining the status of his habeas claim. (D.E. 15, at 2). The Fifth Circuit has explained that

> [i]n spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus.

2

In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam).[1]  However, the Fifth Circuit has also determined that "[a] convicted defendant has no constitutional right to bail." United States v. Olis, 450 F.3d 583, 585 (5th Cir. 2006) (citing United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987)).  In deciding whether to grant release on bail pending post-conviction habeas review, a court should consider whether 1) the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and 2) extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.  Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam).

**A.     Petitioner Has Not Raised A Claim Upon Which He Has A High Probability Of Success.**

The Fifth Circuit has explained that "a habeas petitioner may collaterally attack his state conviction by directly alleging incompetence at the time of trial, thereby claiming a violation of the substantive right not to be tried and convicted while incompetent." Carter v. Johnson, 131 F.3d 452, 459 n. 10 (5th Cir. 1997).  Petitioner claims to have been mentally incompetent for a period of nine years including the time at which he entered his guilty plea and during which his plea-

---

[1] The Fifth Circuit has explained, in dicta, "that it is probably within the power of a United States magistrate to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action." Wainright, 518 F.2d at 175 n.1.

processing hearings occurred. As such, he alleges the violation of a substantive right.

Petitioner argues that his guilty plea is invalid because he suffered mental incompetence at the time it was entered. Nonetheless, pursuant to 28 U.S.C. "§ 2254(e)(1), a state court's determination of a factual issue must be presumed correct, and the habeas petitioner bears the burden of rebutting the presumption by clear and convincing evidence." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). The state court records indicate that petitioner underwent psychological evaluation on August 20, 1996. In a letter to the state trial judge, regarding his competency to stand trial, Raul R. Capitaine, M.D. determined that petitioner had "sufficient ability to consult with his attorney with a reasonable degree of rational understanding ... [has] a rational or factual understanding of the proceedings that are pending against him." (D.E. 12-4, at 24). Furthermore, regarding whether he viewed petitioner to be insane, he explained that

> Mr. Boothe has had a diagnosis of schizoaffective disorder and polysubstance abuse. However, there are times when his symptoms are in remission. It is my opinion that the symptoms of his mental illness were not prominent at the time Kathleen Mahoney was murdered. It is my opinion that on the day of the murder Mr. Boothe knew right from wrong. Mr. Boothe has been compliant with medications and treatment since his incarceration and his symptoms are in remission at this time.

Id. at 25; see also id. at 26-29 (Dr. Capitaine's psychiatric evaluation report).

In his motion, petitioner has failed to provide any "clear and convincing evidence" that would rebut the presumption of correctness in favor of the factual determinations made by the state court. Accordingly, he has failed to demonstrate a high probability of success on his habeas claim.

**B.     Petitioner Has Failed To Show That Extraordinary Circumstances Make The Grant Of Bail Necessary.**

Petitioner argues that bail is necessary in order to effectively preserve the habeas remedy. He claims that, unless bail is granted, he will be unable to establish the legal incompetence he allegedly suffered for nine years. In Calley, the Fifth Circuit noted a few examples of extraordinary circumstances as "serious deterioration of the petitioner's health while incarcerated, ... short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, ... or possibly extraordinary delay in processing a habeas corpus petition ...." 496 F.2d at 702 n.1 (citations omitted).

Petitioner fails to allege any circumstances comparable to those which have been deemed sufficient to necessitate the granting of bail. He provides no evidence that the mental evaluation he seeks is unavailable to him if bail is denied. He also does not indicate that the experts available at the Skyview Psychiatric Unit, at which he resides, are unable to provide the mental evaluation he seeks.

Ultimately, petitioner has not demonstrated that bail is necessary to preserve his habeas remedy. Accordingly, his motion for enlargement on personal recognizance bail, (D.E. 15), is denied.

Ordered this 26th day of July 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE