UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LELAND D. BOOTHE | § | |
| | § | |
| v. | § | C.A. NO. C-06-221 |
| | § | |
| DOUGLAS DRETKE | § | |

# ORDER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is plaintiff's motion in reprise, which is construed as a motion for disqualification of the magistrate judge. (D.E. 18).

On July 20, 2006, petitioner filed a motion seeking to be released on bail. (D.E.15) On July 26, 2006, that motion was denied. (D.E. 16). Petitioner's complaints against the magistrate appear to be related to the denial of his motion seeking release on bail. Specifically, he appears to be arguing that the order denying bail is legally and factually wrong.

As the Supreme Court has explained, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); accord United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting Liteky); United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate basis for demanding recusal") (citations omitted). Indeed, "expressions of impatience, annoyance, dissatisfaction, and even anger, do not establish bias or partiality" and thus recusal is unwarranted. Landerman, 109 F.3d at 1066. Instead, as the Fifth Circuit has indicated, "the judge's rulings should constitute grounds for appeal, not for recusal." Id. (citing Liteky, 510 U.S. at 555).

Accordingly, plaintiff's motion in reprise, (D.E. 18), is hereby DENIED.

ORDERED this 9th day of August 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE