IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LELAND BOOTHE,<br>　　Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN,<br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. C-06-221 |

## ORDER TO SUPPLEMENT

Petitioner Leland Boothe ("Boothe") filed a petitioner for habeas corpus relief pursuant to 28 U.S.C. § 2254 on April 17, 2006, challenging as unconstitutional his October 11, 1996 murder conviction and fifty-year sentence thereon. (D.E. 1). Respondent filed a motion to dismiss Boothe's petition as time barred. (D.E. 17). By Memorandum and Recommendation entered September 25, 2006, United States Magistrate Judge Brian L. Owsley recommended, *inter alia*, that respondent's motion to dismiss be denied and that the Court conduct an evidentiary hearing on the issue of Boothe's competency and whether or not there was a period of incompetency that tolled limitations. (See D.E. 25 at 5-11).

Although Boothe filed objections to certain potions of the recommendation, he does not object to an evidentiary hearing. Indeed, he characterizes the evidentiary hearing as "an opportunity to offer proof that he could avail himself of the advantage of equitable tolling through an evidentiary hearing." (D.E. 31 at 3). The Court finds, however, that there is no need is no need for an evidentiary hearing. Rather, Boothe can explain why he believes he is entitled to equitable tolling and offer prove thereof in a supplemental response. This proof can include any diagnosis he received while incarcerated at the Jester IV Unit for nine years, a list of any medications he was taking during that time, names of any

doctors he recalls seeing, and other treatments he received.  **Boothe is to file his sworn statement within ten (10) days of the date of entry of this Order.**

Further, respondent is ordered to file a reply addressing the merits of Boothe's competency claim for purposes of tolling limitations.  In particular, respondent shall provide either a copy of Boothe's mental health records while at the Jester IV Unit or shall submit an affidavit or declaration from a physician with personal knowledge as to Boothe's mental competency from October 1996 through June 2005.  **Respondent is to file his reply within twenty (20) days of the date of entry of this Order.**

ORDERED this 20th day of November, 2006.

_____
Janis Graham Jack
United States District Judge