IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


LELAND BOOTHE                          §
                                       §
v.                                     §          C.A. NO. C-06-221
                                       §
NATHANIEL QUARTERMAN                   §


**ORDER TO STRIKE**

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254.

This Court has received an *amicus curiae* brief from Wayne Ernest Barker, a Texas prisoner

incarcerated with petitioner at the Skyview Psychiatric Unit.  (D.E. 106).  Mr. Barker has not

requested leave to file such a brief.  He is neither a party to this action, nor a licensed attorney.

Indeed, Mr. Barker has admitted that he considers himself mentally incompetent.  (D.E. 65, at 1).

The extent to which a district court permits *amicus* briefing is solely a matter of

discretion.  See United States v. Olis, No. H-07-3295, 2008 WL 620520, at *7 (S.D. Tex. Mar. 3,

2008) (unpublished) (citing Waste Management of Pa., Inc. v. City of York, 162 F.R.D. 34, 36

(M.D. Pa. 1995)); see also DeJulio v. Georgia, 127 F. Supp.2d 1274, 1284 (N.D. Ga. 2001)

("The decision whether to allow a non-party to participate as an amicus curiae is solely within

the broad discretion of the Court.").  Upon review, Mr. Barker's brief is neither timely nor

useful.  See Yip v. Pagano, 606 F. Supp. 1566, 1568 (D.N.J. 1985).  Furthermore, Mr. Barker is

more accurately described as a friend of the petitioner rather than as a friend of the Court.[1]  Id.

---

[1] Indeed, it is questionable how much of a friend he is to petitioner.  Testimony has established that his interest is to provide legal "advice" in exchange for commissary goods.  (D.E 97, at 160-61).

Accordingly, Mr. Barker's *amicus curiae* brief, (D.E. 106), is hereby ordered stricken from the record.

ORDERED this 14th day of March 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE