IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LELAND D. BOOTHE | § | |
| | § | |
| v. | § | C.A. NO. C-06-221 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's letter motion for the Clerk of the Southern District of Texas to supplement the record on appeal. (D.E. 113). For the reasons stated herein, it is respectfully recommended that petitioner's motion be denied as moot.

## I. BACKGROUND

On April 17, 2006, petitioner initiated this habeas action in the Tyler Division of the Eastern District of Texas. (D.E. 1). On April 21, 2006, his case was transferred to the Southern District of Texas. (D.E. 6). On February 27, 2008, after an evidentiary hearing, it was recommended that petitioner's claims be dismissed as time-barred, and that he be granted a certificate of appealability. (D.E. 105). On April 15, 2008, the Court adopted this recommendation. (D.E. 110). On April 28, 2008, petitioner filed a notice of appeal. (D.E. 112).

On May 2, 2008, petitioner filed the pending motion. (D.E. 113). He informs the Clerk that the docket entry for his original petition, (D.E. 1), does not reflect that a "Sworn Memorandum of Law, Fact, and Argument," containing an affidavit by Wayne Barker, was filed contemporaneously. (D.E. 113, at 1). He describes the memorandum as "the mainstay of [his] appellate ground options." Id. He asks the Clerk to retrieve the memorandum from the Eastern District of Texas and preserve it for "ultimate transmission to the Fifth Circuit Court of Appeals." Id.

## II.  DISCUSSION

The Court may supplement an incomplete record on appeal pursuant to Rule 10(e)(2) of the Federal Rules of Appellate Procedure:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>   (A) on stipulation of the parties;
>
>   (B) <u>by the district court before or after the record has been forwarded</u>; or
>
>   (C) by the court of appeals.

Fed. R. App. P. 10(e)(2) (emphasis added); see also United States v. Zichettello, 208 F.3d 72, 93 (2nd Cir. 2000) (explaining that pursuant to this rule,

"either [the district or appellate] court has the power to resolve a dispute over the record in the first instance") (citation omitted); Bituminous Cas. Corp. v. Garcia, 223 F.R.D. 308, 314 (N.D. Tex. 2004) (directing clerk to certify and forward the record, as supplemented after notice of appeal was filed, to the Fifth Circuit). However, the record already contains the documents petitioner requests. Although Docket Entry 1 is described as simply a petition for habeas corpus, it includes petitioner's "Sworn Memorandum of Law, Fact, and Argument." (D.E. 1, at 9-21). It also contains a sworn affidavit by Mr. Barker. Id. at 22-24.

### III.  CONCLUSION

Accordingly, it is respectfully recommended that petitioner's motion to supplement the record on appeal, (D.E. 113), be denied as moot.

Respectfully submitted this 8th day of May 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).